**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                        NORTHERN DISTRICT OF CALIFORNIA
10
11   UNITED STATES OF AMERICA,                No. CR 13-00282 PJH (DMR)
12              Plaintiff,                     **ORDER RE PARTIES' JOINT**
                                               **DISCOVERY LETTER [DOCKET NO.**
13        v.                                   **42] AND DEFENDANT'S MOTION TO**
                                               **UNSEAL DOCUMENTS [DOCKET NO.**
14   ANTONIO GOMEZ,                            **55]**
15              Defendant.
     _____/
16

17        Before the court is the parties' December 4, 2013 joint discovery letter in which Defendant

18   Antonio Gomez requests pretrial discovery.  [Docket No. 42 (Joint Letter).]  The government argued

19   that immediate release of the identity of a confidential informant as well as certain other witness

20   information would cause grave concerns regarding witness safety and/or tampering.  In support of

21   this argument, pursuant to Federal Rule of Criminal Procedure 16(d), the government filed *ex parte*

22   submissions under seal on December 4, 2013, including the sworn declarations of two law

23   enforcement officers.  [Docket Nos. 45 (application and order to seal), 46 (*ex parte* notice), 47

24   (declaration), 48 (application and order to seal), 49 (*ex parte* notice), 50 (declaration).]  On

25   December 13, 2013, the government presented a further *ex parte* sealed submission which contained

26   a supplemental declaration by one of the officers with newly discovered information offered in

27   support of the safety arguments.  [Docket Nos.  51 (application and order to seal), 52 (*ex parte*

28   notice), 53 (supplemental declaration).]

The court held a hearing on December 18, 2013 during which it announced its rulings on the discovery motion. At the hearing, Defendant challenged the validity of the Rule 16(d) process, and requested permission to file a motion to unseal the *ex parte* submissions. The court granted Defendant's request, and set a briefing schedule. [Docket No. 55 (Mot. to Unseal).] This order sets forth the court's ruling on Defendant's motion to unseal, and memorializes the discovery rulings made at the December 18, 2013 hearing.

## I. Background

On May 2, 2013, the government filed an indictment against Defendant charging him with violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii) (possession with intent to distribute methamphetamine); 18 U.S.C. § 924(c)(1)(A)(i) (possession of a firearm in furtherance of a drug trafficking crime); and 18 U.S.C. § 922(g)(1) (possession of a firearm and ammunition by a felon). [Docket No. 1.] The charges stem from a March 2009 raid of a house on Saklan Road in Hayward, California by the Hayward Police Department ("HPD").[1] HPD surrounded the property in order to apprehend Defendant, who allegedly was subject to two active arrest warrants. An HPD officer spotted Defendant leaving the residence; after Defendant noticed the police, he attempted to retreat. HPD then raided the property and arrested him. After Defendant was taken into custody, HPD searched the property based on a warrantless search condition for probationer Pamela Malone, who lived on the premises. As a result of the search, HPD recovered a number of firearms as well as marijuana and methamphetamine. Following the raid, Defendant was prosecuted in Alameda County Superior Court on pre-existing charges and was sentenced to a term in state prison. In May 2013, approximately two weeks before his parole was scheduled to commence, Gomez was charged in the current federal prosecution with possession of the firearms and drugs recovered during the March 2009 HPD raid. (Joint Letter 1-3.)

On August 21, 2013, the parties filed a joint letter brief in which they set forth their disputes regarding the timing of the production of unredacted witness statements and material pursuant to the Jencks Act, 18 U.S.C. § 3500. [Docket No. 18 (First Joint Letter).] At the time, Defendant was

---

[1] All factual descriptions regarding Defendant's arrest are taken from the parties' joint letter.

United States District Court

For the Northern District of California

1   represented by prior counsel.  The court held a hearing on August 28, 2013 and ordered the parties

2   to meet and confer regarding a heightened protective order to govern discovery in this matter; the

3   court further ordered the parties to submit either a stipulated proposed protective order or a joint

4   letter outlining any remaining disputes.  [Docket No. 23.]  The parties did not file anything on the

5   deadline provided by the court.  On October 6, 2013, Defendant filed a motion for appointment of

6   new counsel, which the Honorable Phyllis J. Hamilton granted on October 16, 2013.  [Docket Nos.

7   26, 28.]  The court appointed Defendant's present counsel on October 23, 2013.  [Docket No. 29.]

8        The parties filed the instant joint discovery letter on December 4, 2013.  The government

9   subsequently filed three discovery-related *ex parte* submissions under seal pursuant to Federal Rule

10  of Criminal Procedure Rule 16(d)[2].  [Docket Nos. 45-53.]  The court held a hearing on the joint

11  discovery letter on December 18, 2013.  At the hearing, the court informed Defendant that the sealed

12  submissions set forth the factual underpinnings for the government's safety concerns regarding

13  witnesses in this case, and that given these concerns, the court would delay (but not prohibit)

14  discovery of certain witness information.  Defendant objected to the government's presentation of *ex*

15  *parte* evidence, and sought and obtained leave to file a motion to unseal the government's

16  submissions.  No trial date has been set or requested.

17                          **II.  Legal Standards**

18        "There is no general constitutional right to discovery in a criminal case."  *Weatherford v.*

19  *Bursey*, 429 U.S. 545, 559 (1977).  Federal Rule of Criminal Procedure 16 governs criminal

20  discovery.  It imposes obligations on both the government and the defense.  *United States v. Fort*,

21  478 F.3d 1099, 1102 (9th Cir. 2007).  Rule 16(a) identifies particular materials that the government

22  must disclose to the defense, including the defendant's oral statements in response to interrogation.

23  Fed. R. Crim. P. 16(a)(1)(A).  In addition, upon a defendant's request, the government must permit

24  the inspection of documents and objects such as "books, papers, documents, data, photographs,

25  tangible objects, buildings or places . . . if the item is within the government's possession, custody,

26  

27  _____

28  [2] Rule 16(d) provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.  The court may permit a party to show good cause by a written statement that the court will inspect ex parte.  If relief is granted, the court must preserve the entire text of the party's statement under seal."

**United States District Court**

For the Northern District of California

or control" and the object is "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E). "[F]ederal prosecutors are deemed to have 'possession and control' over material in the possession of other federal agencies as long as they have 'knowledge' of and 'access' to that material." *Fort*, 478 F.3d at 1103 (citing *United States v. Santiago*, 46 F.3d 885, 893 (9th Cir. 1995)). Rule 16(a) also identifies information that is *not* subject to disclosure, such as "reports, memoranda, or other internal government documents" made by a government attorney or government agent in connection with investigating or prosecuting the case, and statements made by prospective government witnesses except as provided in the Jencks Act.[3] Fed. R. Crim. P. 16(a)(2).

Under Rule 16(d), a court may, for good cause, "deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). A party may "show good cause by a written statement that the court will inspect ex parte," and if relief is granted, the court must seal and preserve the entire text of the party's statement. Fed. R. Crim. P. 16(d)(1). In other words, Rule 16(d)(1) "expressly authorizes the court to deny discovery of information sought by a defendant based on an *ex parte* showing by the government of the need for confidentiality." *United States v. Innamorati*, 996 F.2d 456, 487 (1st Cir. 1993). In determining whether to deny, restrict, or defer discovery, courts must take into consideration "the safety of witnesses and others, [and] a particular danger or perjury or witness intimidation." Fed. R. Crim. P. 16 advisory committee's notes (1966 Amendments); *see also United States v. Fort*, 472 F.3d 1106, 1131 (9th Cir. 2007) (Fletcher, J. dissenting) (noting that "[t]he Rules Advisory Committee specifically designed Rule 16(d)(1) to provide a mechanism to protect witness safety, and to grant considerable discretion to the district court in drafting orders under that rule." (citing Fed. R. Crim. P. 16 advisory committee's notes (1974 Amendment))).

Criminal Local Rule 16-1 sets forth additional procedures for disclosure and discovery in criminal matters. Under Local Rule 16-1, the assigned Judge or Magistrate Judge may set a schedule for disclosure of information required by Rule 16 or any other applicable rule, statute, or

---

[3] The Jencks Act "requires prosecutors to turn over to the defense statements made by testifying witnesses if those statements are in the prosecutor's possession." *Fort*, 478 F.3d at 1102 n.4. However, such statements may not be "the subject of subpena [sic], discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a).

1    case authority.  N.D. Cal. Crim. L.R. 16-1(b).  In addition, Local Rule 16-1(c) sets forth additional

2    information which the government must disclose to the defendant in accordance with a schedule

3    established by the parties or by the assigned Judge.  This includes a summary of any evidence of

4    other crimes, wrongs, or acts which the government intends to offer under Federal Rule of Evidence

5    404(b) and a summary of any co-conspirators' statements which the government intends to offer

6    under Federal Rule of Evidence 801(d)(2)(E) so that the court may rule on the admissibility of the

7    proffered evidence and/or statements.  N.D. Cal. Crim. L.R. 16-1(c)(3), (4).

## III.  Discussion

### A.    Defendant's Motion to Unseal

10       Defendant moves to unseal the government's Rule 16(d) *ex parte* submissions so that he may

11   meaningfully address the contentions therein.  The court relied on the factual information contained

12   in the *ex parte* sealed declarations in reaching its determination that early disclosure of certain

13   witness information is not warranted due to the existence of significant witness safety concerns.

14   Defendant asserts that excluding him and his counsel from understanding the allegations lodged

15   against him in the *ex parte* submissions makes it impossible for him to challenge the government's

16   presentation.

17       In the Ninth Circuit, there is a "strong presumption in favor of access to court records."

18   *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  This includes "access

19   to criminal proceedings and documents filed therein," and "extends to pretrial proceedings as well as

20   in the trial itself."  *CBS, Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 765 F.2d 823, 825 (9th Cir.

21   1985).  However, such access "is not absolute and can be overridden given sufficiently compelling

22   reasons for doing so."  *Foltz*, 331 F.3d at 1135.  In order to seal documents, a court must determine

23   whether "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the

24   absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to

25   closure that would adequately protect the compelling interest."  *In re Copley Press, Inc.*, 518 F.3d

26   1022, 1028 (9th Cir. 2008) (quotation marks omitted) (quoting *Oregonian Publ'ng Co. v. U.S. Dist.

27   Court*, 920 F.2d 1462, 1466 (9th Cir. 1990)).  If a court determines that sealing is necessary, it must

28

United States District Court

For the Northern District of California

1    "articulate the factual basis for its ruling, without relying on hypothesis or conjecture," in order to

2    allow for meaningful appellate review. *Foltz*, 331 F.3d at 1135.

3          Here, Defendant argues that the government must make a greater showing to seal the

4    materials at issue because they have been closed to a party – Defendant – and not only to the public.

5    In support, Defendant cites *United States v. Abuhamra*, 389 F.3d 309, 328-29 (2d Cir. 2004), in

6    which the Second Circuit considered the circumstances under which a court could rely on *ex parte*

7    evidence to deny a defendant's post-conviction bail application. The court held that "such

8    submissions should generally not be received or considered by district courts," but that

9    "extraordinary circumstances" might warrant the court's receipt of *ex parte* evidence in opposition

10   to bail release. *Id*. at 328. In order for this narrow exception to apply, the court held that the four

11   factors outlined by the Supreme Court in *Waller v. Georgia*, 467 U.S. 39, 48 (1984), to close to the

12   public certain criminal proceedings must be satisfied. Those factors are "(1) the party seeking to

13   close the hearing must advance an overriding interest that is likely to be prejudiced, (2) the closure

14   must be no broader than necessary to protect that interest, (3) the trial court must consider

15   reasonable alternatives to closing the proceeding, and (4) it must make findings adequate to support

16   the closure." *Id*. at 329 (quoting *Waller*, 467 U.S. at 48) (quotation marks omitted). Further, given

17   that a defendant, and not just the public, is denied access to *ex parte* evidence in opposition to bail,

18   the Second Circuit imposed two additional requirements: first, the government must disclose to the

19   defendant "the gist or substance of the reasons advanced in the government's sealed submission,"

20   and second, the court must carefully scrutinize "the reliability of the sealed submission." *Id*. at 330-

21   31. Here, Defendant asks the court to evaluate and meet each of the six *Abuhamra* factors in

22   determining whether the documents should continue to be sealed.

23         The court declines to apply the *Abuhamra* factors here. *Abuhamra* does not deal with *ex*

24   *parte* proceedings involving pretrial discovery, "an area that is peculiarly within the discretion of the

25   district court." *United States v. Napue*, 834 F.2d 1311, 1319 n.3 (7th Cir. 1987); *see also Fort*, 472

26   F.3d at 1131 (district courts have "considerable discretion" to draft orders under Rule 16). Instead,

27   *Abuhamra* and the other cases cited by Defendant involve the submission of *ex parte* evidence in

28   connection with pre- and post-trial detention proceedings, where there is no statutory authority for

United States District Court

For the Northern District of California

the submission of *ex parte* evidence, such as exists in Rule 16(d). *See United States v. Accetturo*, 783 F.2d 382, 391 (3d Cir. 1986); *United States v. Acevedo-Ramos*, 755 F.2d 203, 206 (1st Cir. 1985). Here, Rule 16(d)(1) expressly permits the government to demonstrate good cause to deny, restrict or defer discovery based on an *ex parte* submission. The court used the *ex parte* information for the purposes authorized by the rule – that is, to determine that production of certain witness discovery should be deferred in this case. The witness discovery will not be withheld altogether from Defendant. As previously ordered at the December 18, 2013 hearing, Defendant will receive the delayed witness material approximately two weeks before trial, subject to a strict protective order. This timing will allow Defendant to prepare his defense while mitigating against factually-supported concerns that release of the information may lead to witness intimidation, injury, or even death.

Defendant acknowledges that there are "rare occasions that permit *ex parte* filings" and documents to be filed under seal, citing Civil Local Rule 79-5 and Criminal Local Rule 56-1. However, he challenges the government's reliance on Rule 16(d)(1), arguing that the rule provides "insufficient guidance regarding when an *ex parte* submission is appropriate" and that it allows for such submissions "without *any* showing whatsoever." (Mot. to Unseal 3.) Defendant argues that Rule 16(d)(1) subjects criminal defendants twice to the unfairness of "secret" evidence; first, in connection with the *ex parte* submission itself, and then again with respect to the denial of discovery based upon the submission. (Mot. to Unseal 4.) However, Rule 16(d)(1) allows for the exercise of the court's discretion in determining whether a party has shown good cause for restricting discovery. In this case, the government presented court with sufficiently compelling evidence relating to witness safety; the reasons supporting sealing are apparent from the sealed record enabling meaningful review. The declarations by two experienced law enforcement officers present information obtained through their own investigations and personal observations. They contain specific allegations that relate to the risk that Defendant could tamper with, injure, or even kill witnesses in this case. One declaration explores the role of a confidential informant in Defendant's arrest. That information is relevant to the witness safety issue, as well as the question of whether to defer or deny disclosure of that witness's identity. Per Rule 16(d), the materials have been

**United States District Court**
For the Northern District of California

preserved in the record.  They are available to the district court as well as the Court of Appeals, should Defendant seek review or eventual appeal of this court's order.  Accordingly, Defendant's motion to unseal the government's Rule 16(d) *ex parte* submissions is denied.

**B.      Joint Discovery Letter**

In their joint discovery letter, the parties set forth nine disputed categories of information sought by Defendant.  The court will address each category in turn.

**1.      *Brady/Giglio* Material**

The first category of information calls for exculpatory and impeachment material pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and *Giglio v. United States*, 405 U.S. 150, 153-54 (1972).  Specifically, Defendant seeks all evidence that suggests that individuals other than Defendant possessed the contraband recovered during the raid, as well as all exculpatory and impeachment material regarding witnesses.  Defendant contends that the government's obligation to exercise diligence to obtain exculpatory evidence extends to state law enforcement officers involved in the investigation leading to Defendant's arrest, citing *United States v. Blanco*, 392 F.3d 382, 388 (9th Cir. 2004).  Defendant also argues that the court has authority to order the government to produce all *Brady* material immediately, under penalty of dismissal.

Under *Brady*, prosecutors have an "affirmative duty to disclose evidence favorable to the defense." *Kyles v. Whitley*, 514 U.S. 419, 432 (1995).  The scope of favorable evidence includes everything that is "material either to guilt or to punishment." *Brady*, 373 U.S. at 87.  The prosecutor's "constitutional duty is triggered by the potential impact of favorable but undisclosed evidence." *Kyles,* 514 U.S. at 434.  Evidence is material when, "considered collectively, not item by item," *id*. at 436, it would create a "reasonable probability" of a different result for the defendant. *Id.* at 433 (quoting *United States v. Bagley,* 473 U.S. 667, 682 (1985)).  "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Bagley*, 473 U.S. at 682. Knowledge of all evidence in the possession of the government, and any state agency working with the prosecution, is attributed to the prosecutor. *Giglio*, 405 U.S. at 154.  Therefore, "the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police." *Kyles,* 514 U.S. at 437; *see also Carriger v. Stewart*, 132

United States District Court

For the Northern District of California

1   F.3d 463, 480 (9th Cir. 1997) (en banc) (noting that "[b]ecause the prosecution is in a unique

2   position to obtain information known to other agents of the government, it may not be excused from

3   disclosing what it does not know but could have learned.").

4        With respect to the timing of the production of *Brady* material, "*Brady* does not necessarily

5   require that the prosecution turn over exculpatory material *before* trial." *United States v. Gordon*,

6   844 F.2d 1397, 1403 (9th Cir. 1988) (emphasis in original).  Instead, "disclosure 'must be made at a

7   time when [it] would be of value to the accused.'" *Id*. (citing *United States v. Davenport*, 753 F.2d

8   1460, 1462 (9th Cir. 1985)); *accord United States v. Fernandez*, 231 F.3d 1240, 1248 n.5 (9th Cir.

9   2000).  In other words, due process requires only that *Brady* material be disclosed in time for its

10  "effective use at trial." *United States v. Coppa*, 267 F.3d 132, 142 (2d Cir. 2001).  Further, "[w]hen

11  the defense seeks evidence which qualifies as both Jencks Act and *Brady* material, Jencks Act

12  standards control." *United States v. Jones*, 612 F.2d 453, 455 (9th Cir. 1979); *accord United States*

13  *v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004); *see also United States v. Diaz*, No. CR 05-0167

14  WHA, 2008 WL 360582, at *1 (N.D. Cal. Feb. 8, 2008) (noting "the Jencks Act trumps *Brady*.").

15       At the hearing, the government's attorney acknowledged the prosecution's duty to obtain any

16  evidence favorable to the defense from all state and federal law enforcement agencies involved in

17  the investigation of this case.  The prosecution represented that it has produced the complete case

18  files for this matter from HPD, ATF, and the San Leandro Police Department ("SLPD").  It has

19  arranged for evidentiary viewings for defense counsel.  The prosecution also verified at the hearing

20  that, in response to Defendant's specific requests, it had sought a number of other pieces of evidence

21  which it intended to disclose in a matter of days, following review.

22       The government confirmed that to date, the only information that has been withheld from

23  Defendant are certain witness statements contained in the case files.  The government redacted these

24  particular witness statements on the grounds that their production implicates significant safety

25  concerns, as detailed in the government's Rule 16(d) submissions.  According to counsel, the

26  government has produced other unredacted witness statements representing approximately 75% of

27  the witness material contained in the case files.  In addition, the government contends that the

28  redacted statements qualify as Jencks Act material that may not be disclosed prior to the trial

United States District Court

For the Northern District of California

testimony of each witness.  Therefore, at this time, the government represents that the only potential *Brady* material that has not been produced to Defendant is Jencks Act material pertaining to witnesses for whom the government has serious safety concerns.  As noted, Jencks Act standards control the timing of witness statement disclosure, even if the statements qualify as *Brady* material.  *See Jones*, 612 F.2d at 455.

At the December 18, 2013 hearing, the court informed the parties that the judge who is presiding over trial in this matter typically orders disclosure of Jencks Act material fourteen calendar days before trial, subject to a protective order.  Given that there is no trial scheduled in this case, the court ruled that it is premature to set a schedule for the production of Jencks material at this time.

### 2.       Identity of Witnesses

Defendant next seeks the identity and last known address of each person present at the Saklan Road residence on the date of the March 2009 raid.  According to Defendant, the discovery produced to date by the government reflects that twelve individuals other than Defendant were present at the residence during the raid.  However, only six of the twelve have been identified.  Defendant contends that identifying and investigating the remaining six individuals is material to his defense, and argues that he is entitled to this information pursuant to Rule 16(a)(1)(E).  The government opposes the request on the grounds that Rule 16 does not provide for the disclosure of the identities and addresses of witness.  In addition, the government contends that there are significant witness safety concerns in this case, as detailed in their Rule 16(d) submissions, and that the request is premature as there is no trial date set, nor has one been requested.

Rule 16 provides that upon request, "the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, . . . if the item is within the government's possession, custody, or control and . . . the item is material to preparing the defense."  Fed. R. Crim. P. 16(a)(1)(E)(i).  The rule does not specifically require the disclosure of witnesses.  Defendant cites three cases to support his position that the court has the authority to order the disclosure of witnesses, but none of the cases cited involved the concerns about witness safety that are present in this case.  *See United States v. W.R. Grace*, 526

**United States District Court**
For the Northern District of California

1  F.3d 499, 503 (9th Cir. 2008); *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010); *United*

2  *States v. Hernandez-Mesa*, 720 F.3d 760, 768 (9th Cir. 2013).

3       The court finds that the government has shown good cause to defer disclosure of the

4  currently withheld witness information due to substantial concerns regarding witness safety.

5  However, as there is no trial set in this matter, setting a date for disclosure at this time would be

6  premature.

7       **3.    Evidence Regarding the Government's Charging Decisions**

8       Defendant next seeks evidence regarding the decisions to bring, negotiate, or decline charges

9  as to any persons regarding the recovery of the contraband at issue in this case.  Defendant argues

10  that the requested materials bear on the question of third-party culpability and are relevant to his

11  claim that the four-year delay of the present indictment violated his constitutional right to due

12  process.  The government opposes this request on the grounds that it is barred by Rule 16(a)(2) and

13  that production of such material would violate the attorney work-product privilege and the

14  separation of powers principle.

15       Defendant cites no authority to support his entitlement to internal government charging

16  decisions.  In fact, Rule 16 explicitly states that it does not "authorize the discovery or inspection of

17  reports, memoranda, or other internal government documents" made by a government attorney or

18  agent in connection with investigating or prosecuting a case.  Fed. R. Crim. P. 16(a)(2).  Defendant

19  is requesting documents that clearly fall under Rule 16(a)(2): substantive communications by

20  prosecutors about the case to other law enforcement agents.  Discovery of such material also raises

21  concerns about attorney work-product, attorney-client privilege, and separation of powers.  *See*

22  *United States v. Stone*, No. CR12-0072-JCC, 2013 WL 5934346, at *3 n.3 (E.D. Cal. Nov. 5, 2013).

23  Defendant is not entitled to the government's communications about why it prosecuted him or its

24  charging decisions about any other individuals connected to the March 2009 raid.  Accordingly, this

25  request is denied.

26       **4.    Identity of the Confidential Informant**

27       Defendant seeks an order compelling the government to disclose the identity of the

28  confidential source regarding Pamela Malone's use of the Saklan Road residence.  According to

United States District Court

For the Northern District of California

1    Defendant, in order to support the search of the residence based on her purported warrantless search

2    condition, the government must demonstrate that HPD possessed probable cause to believe that she

3    resided there.  Defendant thus argues that the government must disclose that witness's identity under

4    *Roviaro v. United States*, 353 U.S. 5360-61 (1957).  The government argues that Defendant's

5    request is not covered under Rule 16(a).  It also argues that Defendant has failed to show that

6    disclosure of the informant would be relevant to at least one defense and that disclosure would put

7    the informant at risk, and made a Rule 16(d) submission in support of its position.

8          In *Roviaro*, the Supreme Court held that the government may exercise its privilege not to

9    disclose the identity of a confidential informer.  353 U.S. at 59.  However, the trial court may require

10   disclosure "[w]here the disclosure of an informer's identity, or of the contents of his communication,

11   is relevant and helpful to the defense of an accused."  *Id*. at 60-61.  In order to balance the "public

12   interest in protecting the flow of information against the individual's right to prepare his defense,"

13   *id*. at 62, the Ninth Circuit has instructed courts to examine "(1) the degree of the informant's

14   involvement in the criminal activity; (2) the relationship between the defendant's asserted defense

15   and the likely testimony of the informant; and (3) the government's interest in nondisclosure."

16   *United States v. Gonzalo Beltran*, 915 F.2d 487, 489 (9th Cir. 1990) (citation omitted).

17         The court has examined the government's Rule 16(d) submission in connection with the

18   confidential informant, and concludes that disclosure of the informant's identity could lead to

19   testimony or other evidence that would be "of material benefit to the defense."  *See id*. at 489.

20   However, the government has presented evidence that disclosure of the informant's identity could

21   place the informant in danger.  Given these safety concerns, any order to disclose the informant's

22   identity would be pursuant to the same timing and protective order as other witnesses for whom the

23   government has safety concerns.  To the extent the government argues that the informant should

24   never be identified, it will need to present additional facts to support that position.  As there is no

25   trial set in this case, the court continues this issue at this time.

26         **5.       Communications Regarding the Timing of Charges Against Defendant**

27         Defendant next moves for disclosure of all communications between the government and any

28   state agencies regarding the timing of the present charges.  Defendant contends that the four-year

**United States District Court**
For the Northern District of California

1  pre-indictment delay violated his constitutional right to due process, and he seeks discovery

2  regarding the circumstances of his indictment to support that claim.  The government opposes this

3  request on the grounds that it is barred by Rule 16(a)(2).  It also argues that production of such

4  material would violate the attorney work-product privilege and separation of powers principle.

5  Further, the government argues that it charged Defendant for crimes within the applicable five-year

6  statute of limitations so Defendant cannot establish a due process violation.

7       "Delay between commission of the crime and indictment is generally limited by the statute of

8  limitations, but in some circumstances the Due Process Clause requires dismissal of an indictment

9  brought within the limitations period."  *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir.

10  1992).  Courts apply a two-part test to determine whether pre-indictment delay denied due process:

11  "(1) the defendant must prove actual, non-speculative prejudice from the delay; and (2) the length of

12  the delay, when balanced against the reason for the delay, must offend those "'fundamental

13  conceptions of justice which lie at the base of our civil and political institutions.'"  *Id*. (quoting

14  *United States v. Sherlock*, 962 F.2d 1349, 1353-54 (9th Cir. 1992) (citation omitted)) (internal

15  quotation marks omitted).  Here, Defendant seeks discovery related to the reason for the delay,

16  which is the second part of the test.  However, Defendant's request is premature because before the

17  court may reach that question it must first determine whether the defendant has sufficiently proved

18  prejudice, a "heavy" burden.  *See Huntley*, 976 F.2d at 1290.  As the Ninth Circuit has noted,

19  "protection from lost testimony, as well as other evidence, 'generally falls solely within the ambit of

20  the statute of limitations . . . . [therefore] [t]o establish actual prejudice . . . the defendant must show

21  that the loss of testimony meaningfully has impaired his ability to defend himself."  *Id*. (citations

22  omitted).  Moreover, any showing of prejudice must be made to the trial judge, who would be ruling

23  on a motion to dismiss on due process grounds.  Accordingly, discovery relevant to the reasons for

24  the delay in prosecution is not warranted at this time.  The request is denied.

25       **6.       Immediate Compliance With Criminal Local Rule 16-1(c)(3)**

26       Defendant moves for an order requiring immediate compliance with Local Rule 16-1(c)(3),

27  which provides that the government shall provide a summary of any evidence of other crimes,

28  wrongs, or acts which the government intends to offer under Federal Rule of Evidence 404(b),

**United States District Court**
For the Northern District of California

1  supported by documentary evidence or witness statements in sufficient detail so that the court may

2  rule on the admissibility of the proffered evidence.  N.D. Cal. Crim. L.R. 16-1(c)(3).  Federal Rule

3  of Evidence 404(b) permits the introduction of such evidence if offered to prove motive,

4  opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

5  Fed. R. Evid. 404(b)(2).

6      The government opposes this request on the grounds that it is premature.  It states that it will

7  provide reasonable notice of its intent to use such evidence prior to trial pursuant to Federal Rule of

8  Evidence 404(b)(2) in the form of a motion in limine filed 14 days prior to any final pretrial

9  conference.  In addition, the government contends that it has provided Defendant with his criminal

10  RAP sheet and police reports which serve to provide notice of the nature of the evidence the

11  government intends to offer at trial.

12      The court finds that disclosure of a summary of this evidence at this stage is premature, as

13  the admissibility of such evidence will depend on which specific factual issues are disputed at trial.

14  Therefore, Defendant's request is denied at this time.

15          **7.      Immediate Compliance with Criminal Local Rule 16-1(c)(4)**

16      Defendant also moves for an order requiring immediate compliance with Local Rule 16-

17  1(c)(4), which provides that the government must disclose a summary of any co-conspirators'

18  statements which the government intends to offer under Federal Rule of Evidence 801(d)(2)(E) so

19  that the court may rule on the admissibility of the proffered statements.  N.D. Cal. Crim. L.R. 16-

20  1(c)(4).

21      The government makes several arguments in opposition to this request.  First, it contends

22  that the request is premature.  It also argues that there are significant witness safety concerns and so

23  it should not be compelled to disclose this information at this time.  Further, the government asserts

24  that neither Rule 16(a) nor the Jencks Act requires such disclosure, and that the local rule is invalid.

25      Again, the court finds that disclosure of a summary of co-conspirators' statements is

26  premature, as the court will rule on the admissibility of such evidence closer to trial.  Further, in

27  light of witness safety concerns, any such disclosure will take place in accordance with a schedule

28  for disclosure of other witness information.  Therefore, Defendant's request is denied at this time.

United States District Court

For the Northern District of California

### 8.     Unredacted Copies of Police Reports

Defendant seeks unredacted copies of all state police reports in the government's possession, custody, or control, including reports documenting the surveillance of the Saklan Road residence and the subsequent raid.  The government has produced redacted versions of the reports, but as noted, represents that the only redactions consist of some witness statements in the reports.  The government contends that Defendant is not entitled to the unredacted reports for several reasons: it contends the redacted information is entirely inculpatory, not exculpatory; law enforcement reports are not required to be produced as discovery under Rule 16(a), and in fact, are specifically exempt from discovery under Rule 16(a)(2), pursuant to the Ninth Circuit's decision in *Fort*, 472 F.3d at 1119-20; the reports constitute Jencks Act material for the authoring law enforcement officers and may also constitute such material for the witnesses whose statements are set forth in the reports; disclosure would threaten witness safety; and the request is premature.

As discussed *supra*, given that the government has represented that the only redacted portions of the police reports consists of Jencks Act material for witnesses for whom safety is a concern, this request is denied.  The court will set a schedule for the production of Jencks material at a future date.

### 9.     Deadline for Production of Evidence

Defendant's final request is for an order prohibiting the government from offering into evidence any evidence that he has requested that is in the government's possession, custody, or control, or which could be through the exercise of diligence, should it fail to produce the requested discovery by December 20, 2013, four months after Defendant first requested discovery in this case.

The government represented that all non-Jencks *Brady* material in its possession would be produced by December 20, 2013.  Therefore, the only other evidence in the government's possession, custody, or control at this time is Jencks Act material that will be disclosed prior to trial in accordance with a schedule set by the court.  There are no grounds to impose an arbitrary deadline that would preclude the use of any evidence discovered *after* December 20, 2013.  Accordingly, Defendant's request is denied.

### IV.  Conclusion

1    Once a trial date has been set in this case, the parties shall meet and confer about the timing

2    of the witness disclosures addressed in this order, as well as the terms of a protective order.  Any

3    disputes shall be submitted in conformance with this court's joint discovery letter process.

4

5    IT IS SO ORDERED.

6

7    Dated: January 21, 2014

8

9    DONNA M. RYU

     United States Magistrate Judge

10



IT IS SO ORDERED

DONNA M. RYU
Judge Donna M. Ryu

**United States District Court**
For the Northern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16