UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>ANTONIO GOMEZ,<br>　　　　Defendant. | Case No.　13-cr-00282-PJH<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION**<br>Re: Dkt. No. 117 |

Before the court is the pro se motion of Antonio Gomez ("movant") to modify and reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the United States Sentencing Guidelines ("USSG"). Doc. no. 117. Having carefully considered the papers, the record, and the relevant legal authorities, the court DENIES the motion for the following reasons.

I.　**Background**

On May 2, 2013, movant was charged via indictment for the following offenses: count one – possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii); count two – possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and count three – possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). Doc. no. 1. On June 5, 2014, a superseding indictment was filed against the movant that charged the following offenses: count one – possession with intent to distribute a controlled substance (5 grams or more of actual methamphetamine) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii); count two – possession of a firearm in furtherance of drug trafficking crime/carrying a firearm during and in relation to drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (c)(1)(B)(i); and count three

– felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1). Doc. no. 94. On June 16, 2014, a superseding information was filed against the movant for the following offenses: count one – possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and count two – felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Doc. no. 96.

On June 18, 2014, movant entered a guilty plea to both counts of the superseding information. Doc. no. 101. On October 3, 2014, the court sentenced movant to 60 months imprisonment as to count one and 44 months imprisonment as to count two, to be served consecutively. Doc. no. 114. On February 2, 2015, movant filed the instant motion for reduction of sentence. Doc. no. 117. In the motion for reduction of sentence, movant argues that he qualified for a sentence reduction under 18 U.S.C. § 3852(c), in light of Amendment 782 because his sentence was based, at least in part, on drugs. *Id.*

## II. Discussion

Effective November 1, 2014, Amendment 782 revises the Drug Quantity Table in U.S.S.G § 2D1.1, applicable to sentences imposed for certain drug-related convictions. Although Amendment 782 may be applied retroactively to previously-sentenced defendants, the court may not order a reduction in sentence based on Amendment 782 unless the effective date of the order reducing the term of imprisonment is November 1, 2015, or later. U.S.S.G. § 1B1.10(e)(1).

On March 1, 2015, the Federal Public Defender's Office filed a statement of non-intervention. Doc. no. 118. The Federal Public Defender's Office stated that upon review of movant's motion, it did not seek appointment or leave to intervene in his motion to reduce sentence. *Id.* On August 30, 2015, the Probation Office filed a sentence reduction investigation report addressing whether movant is entitled to a sentence reduction under Amendment 782. Doc. no. 121. The Probation Office concluded that movant's sentence was not eligible for reduction because neither of the counts of conviction are drug offenses. *Id.* The Probation Office further determined that, although count one, for possession of a firearm in furtherance of drug trafficking, has "drug

1  trafficking" as an element of the offense, the offense itself is a firearms charge for which
2  the guidelines are not applicable as the statute requires that a 60-month sentence be
3  imposed to run consecutively to any other count of conviction.  Doc. no. 121.  The
4  Probation Office represents that the government agrees that movant is not entitled to a
5  reduction.  *Id.*

6  The court determines that movant is not entitled to relief under Amendment 782,
7  because movant was sentenced under the firearms guidelines, rather than the drug
8  guidelines.  Amendment 782 revises the Drug Quantity Table, which is applicable to
9  certain sentencing guidelines for drug offenses.  Amendment 782 does not revise the
10  firearms guidelines that were applicable in movant's case.  The court notes that the
11  amended presentence report erroneously referred to U.S.S.G. § 2K2.4(a) for a violation
12  of 18 U.S.C. § 922(c), but the judgment accurately reflects that movant was convicted of
13  count one for violation of 18 U.S.C. § 924(c) for which the applicable sentencing guideline
14  is U.S.S.G. § 2K2.4(b).  U.S.S.G. § 2K2.4(b) states that, "if the defendant . . . was
15  convicted of violating section 924(c) . . . of Title 18, the guideline sentence is the
16  minimum term of imprisonment required by statute."

17  In this case, the minimum prison term on count one required by statute is five
18  years.  Title 18, United States Code, Section 924(c)(1)(A)(i) provides that "[A]ny person
19  who [in furtherance of any crime of violence or drug trafficking crime] possesses a
20  firearm, shall, in addition to the punishment provided for such crime of violence or drug
21  trafficking crime – be sentenced to a term of imprisonment of not less than 5 years."  As
22  required by 18 U.S.C. § 924(c)(1), movant's five year statutory sentence on count one
23  was imposed to run consecutively to the sentence imposed for the felon in possession
24  conviction on count two.  *See United States v. Hunter,* 887 F.2d 1001 (9th Cir. 1989) (per
25  curiam).  The court imposed a sentence of 44 months imprisonment on the felon in
26  possession count, based on the offense level calculated under the applicable firearms
27  sentencing guideline, U.S.S.G. § 2K2.1.

28

1    Because movant was sentenced pursuant to the firearms guidelines and the
2    applicable statutory requirements of count one, and was not sentenced under the drug
3    offense guidelines, he is not entitled to a sentence reduction pursuant to § 3582(c)(2)
4    based on Amendment 782.  See U.S.S.G. § 1B1.10, cmt. n. 1(A) (a reduction in the
5    defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is
6    not consistent with this policy statement if: (i) None of the amendments listed in
7    subsection (d) is applicable to the defendant; or (ii) an amendment listed in subsection (d)
8    is applicable to the defendant but the amendment does not have the effect of lowering
9    the defendant's applicable guideline range because of the operation of another guideline
10   or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).").

### III.   Conclusion

For the forgoing reasons, the motion for sentence reduction is DENIED.

**IT IS SO ORDERED.**

Dated:  October 29, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge