UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff/Respondent,<br>　　v.<br>ANTONIO GOMEZ,<br>　　　　Defendant/Movant. | Case No.   13-cr-00282-PJH<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 119 |

Before the court is the motion of defendant Antonio Gomez ("movant") for an order under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. For the reasons set forth below, the court orders the government to show cause why relief should not be granted.

## I.   Background

Movant Antonio Gomez is currently serving a sentence imposed by this court. On May 2, 2013, movant was charged via indictment for the following offenses: count one – possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii); count two – possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and count three – possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). Doc. no. 1. On June 5, 2014, a superseding indictment was filed against movant that charged the following offenses: count one – possession with intent to distribute a controlled substance (5 grams or more of actual methamphetamine) in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(B)(viii); count two – possession of a firearm and short-barreled shotgun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (c)(1)(B)(i); and count three – felon in possession of firearms and

1  ammunition, in violation of 18 U.S.C. § 922(g)(1).  Doc. no. 94.  On June 16, 2014, a
2  superseding information was filed against the movant for the following offenses: count
3  one – possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C.
4  § 924(c)(1)(A); and count two – felon in possession of a firearm, in violation of 18 U.S.C.
5  § 922(g)(1).  Doc. no. 96.  Movant waived his right to an indictment.  Doc. no. 100.

On June 18, 2014, movant entered a guilty plea pursuant to a plea agreement to both counts in the superseding information.  Doc. no. 101.  On October 3, 2014, the court sentenced movant to 60 months imprisonment as to count one and 44 months imprisonment as to count two, to be served consecutively.  Doc. no. 114.  On February 2, 2015, movant filed a motion for reduction of sentence, which the court denied.  Doc. no. 117.  On August 21, 2015, movant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Doc. no. 119.

**II.   Discussion**

Section 2255 provides in part as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

The Sixth Amendment entitles criminal defendants to the "'effective assistance of counsel'"—that is, representation that does not fall "below an objective standard of reasonableness" in light of "prevailing professional norms."  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  A successful claim of ineffective assistance of counsel has two components.  First, the defendant must show that counsel's performance was

deficient. *Id.* This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Id.* Second, the defendant must show that he was prejudiced by counsel's deficient performance. *Id.* That is, there must be a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. To satisfy the *Strickland* "prejudice" requirement in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Movant asserts a claim of ineffective assistance of counsel on the following grounds: (1) failure to challenge as time-barred the charges in the superseding indictment for possession of a short-barreled shotgun in furtherance of drug trafficking, which carried a 10-year mandatory minimum sentence that induced him to enter a guilty plea to both counts of the superseding information; and (2) failure to investigate and present exculpatory evidence, which indirectly induced him to enter a guilty plea.

In support of his claim that counsel failed to seek dismissal of the charges for possession of a short-barreled shotgun as barred by the statute of limitations, movant asserts that he was exposed to a 10-year mandatory minimum sentence on that charge and feared the possibility of a lengthy sentence after counsel informed him, "after your subsequent demise at trial, the court will be subjected to impose a term of 22-years imprisonment for your current charges." Movant states that counsel then told him, "if you plead guilty, you will receive no more than seven years imprisonment and I will see to it that you get some back time from 2009." With respect to the claim that counsel failed to interview a witness who would have offered exculpatory evidence, movant argues that Lilian Gomez contacted his attorney of record, Mr. Ethan Balogh, to inform him of her willingness to provide testimony that she was in sole ownership of the drugs, with which movant had been charged. Movant asserts that his attorney failed to interview Ms. Gomez about this exculpatory material which would have been the best possible defense

at trial, and, instead, advised movant to enter a plea of guilty because the "jury would Google him and observe accusations of murder, which would prejudice his defense." Movant states that he was very reluctant to plead guilty, but alleges that his attorney's erroneous advice induced him to enter a plea rather than go to trial because he felt threatened by the possibility that the jury would uncover charges of murder and by the possibility of being subjected to a 22-year prison sentence. Movant states that he would have insisted on going to trial, if not for counsel's errors and incorrect advice. Liberally construed, these claims appear colorable under 28 U.S.C. § 2255 and merit an answer from the government.

## III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that

1. The government shall file with the court and serve on Gomez, within 45 days of the date of this order, (a) transcripts of the June 18, 2014 change of plea hearing and the October 1, 2014 sentencing hearing; and (b) an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the court should not "vacate, set aside or correct the sentence" being served by Gomez.

2. If Gomez wishes to respond to the answer, he shall do so by filing a reply with the court and serving it on the government within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: December 8, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge