UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 13-cr-00282-PJH |
|---|---|
| Plaintiff/Respondent, | |
| v. | **ORDER GIVING NOTICE OF LIMITED WAIVER OF ATTORNEY-CLIENT PRIVILEGE** |
| ANTONIO GOMEZ, | |
| Defendant/Movant. | Re: Dkt. No. 119 |

Defendant Antonio Gomez has filed a motion for an order under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence on the ground that his counsel, Mr. Balogh, gave ineffective assistance in advising him to accept a plea offer after failing to challenge as time-barred the charges in the superseding indictment for possession of a short-barreled shotgun in furtherance of drug trafficking, and failing to investigate and present exculpatory evidence by failing to interview a potential defense witness. The court issued an order to show cause why relief should not be granted, requiring the government to file a response. Doc. no. 123.

The government has filed an ex parte motion for limited waiver of the attorney-client privilege to allow defense counsel to provide declarations and documents concerning defendant's claims that counsel was ineffective, and for a stay of the order to show cause. Doc. no. 126. The government correctly asserts that Gomez has waived his attorney-client privilege as to his communications with attorney Balogh regarding the alleged constitutional deprivations Gomez raises in conjunction with his ineffective assistance claim. "In performing their constitutional duties, the federal courts have

1

determined that claims of ineffective assistance of counsel cannot be fairly litigated unless the petitioner waives his [attorney-client] privilege for the purposes of resolving the dispute." *Bittaker v. Woodford*, 331 F.3d 715, 722 (9th Cir. 2003). However, while the waiver rule is "sensible and necessary" in practice, "if the federal courts were to require habeas petitioners to give up the privilege categorically and for all purposes, attorneys representing criminal defendants . . . would have to worry constantly about whether their case files and client conversations would someday fall into the hands of the prosecution." *Bittaker*, 331 F.3d at 722. Thus, the Ninth Circuit has held that "[a] waiver that limits the use of privileged communications to adjudicating the ineffective assistance of counsel claim fully serves federal interests." *Id.* "At the same time, a narrow waiver rule - one limited to the rationale undergirding it - will best preserve the state's vital interest in safeguarding the attorney-client privilege in criminal cases, thereby ensuring that the state's criminal lawyers continue to represent their clients zealously." *Id.*

The court in *Bittaker* also determined that "the holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition." *Id.* at 721. **Accordingly, the court hereby NOTIFIES defendant Antonio Gomez that he may file a notice that he wishes to preserve his attorney-client privilege by (1) abandoning his ineffective assistance of counsel claims and (2) withdrawing his Section 2255 motion to vacate, set aside or correct his sentence.**

If defendant chooses to preserve his attorney-client privilege by withdrawing his ineffective assistance of counsel claims, he must file a notice **by January 15, 2016**. If defendant does not timely file such a notice, defendant's attorney-client privilege will be deemed waived as to the matters raised in his Section 2255 motion. At that time, the court will rule on the government's ex parte motion for an order permitting discovery and

///

///

2

set a renewed briefing schedule.  The deadlines previously set for the government to respond to the Section 2255 motion and for defendant's reply are hereby VACATED.

**IT IS SO ORDERED.**

Dated:  December 16, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge