UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff/Respondent,<br>      v.<br>ANTONIO GOMEZ,<br>  Defendant/Movant. | Case No.   13-cr-00282-PJH<br><br>**ORDER GRANTING GOVERNMENT'S MOTION FOR LIMITED WAIVER OF PRIVILEGE AND FOR DISCOVERY**<br><br>Re: Docket No. 126 |

The government has filed an ex parte motion for limited waiver of the attorney-client privilege to allow defense counsel to provide declarations and documents concerning Mr. Gomez's claims that counsel was ineffective. Doc. no. 126. For the reasons set forth below, the court GRANTS the motion for limited waiver of privilege and for discovery.

**I.   BACKGROUND**

Movant Antonio Gomez is currently serving a sentence imposed by this court. On May 2, 2013, movant was charged via indictment for the following offenses: count one – possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii); count two – possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and count three – possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). Doc. no. 1 at 2.

On June 5, 2014, a superseding indictment was filed against Mr. Gomez that charged the following offenses: count one – possession with intent to distribute a

controlled substance (5 grams or more of actual methamphetamine) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii); count two – possession of a firearm and short-barreled shotgun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (c)(1)(B)(i); and count three – felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1).  Doc. no. 94 at 2.

On June 16, 2014, a superseding information was filed against Mr. Gomez for the following offenses: count one – possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A); and count two – felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Doc. no. 96 at 2.  Mr. Gomez waived his right to an indictment.  Doc. no. 100.  On June 18, 2014, Mr. Gomez entered a guilty plea pursuant to a plea agreement to both counts in the superseding information.  Doc. no. 101 at 1.

On October 3, 2014, the court sentenced Mr. Gomez to 60 months imprisonment as to count one and 44 months imprisonment as to count two, to be served consecutively for a total term of 104 months.  Doc. no. 114 at 2.  On February 2, 2015, Mr. Gomez filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.  Doc. no. 117.  On October 29, 2015, the court denied the motion to reduce sentence.  Doc. no. 122 at 1.

On August 21, 2015, Mr. Gomez filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds that his counsel, Mr. Balogh, gave ineffective assistance in advising him to accept a plea offer after failing to challenge as time-barred the charges in the superseding indictment for possession of a short-barreled shotgun in furtherance of drug trafficking, and failing to investigate and present exculpatory evidence by failing to interview a potential defense witness.  Doc. no. 119 at 11-12.

On December 8, 2015, the court issued an order requiring the government to file a response showing cause why relief should not be granted.  Doc. no. 123 at 1.  On December 11, 2015, the government filed an ex parte motion for limited waiver of the attorney-client privilege to allow defense counsel to provide declarations and documents

concerning defendant's claims that counsel was ineffective, and for a stay of the order to show cause.  Doc. no 126.

On December 17, 2015, the court issued an order giving notice to Mr. Gomez that he may file a notice that he wishes to preserve his attorney-client privilege by (1) abandoning his ineffective assistance of counsel claims and (2) withdrawing his § 2255 motion to vacate, set aside or correct his sentence.  Doc. no. 127 at 2.  In addition, the court vacated the deadlines previously set for the government to respond to the § 2255 motion and for Mr. Gomez's reply.  *Id.* at 3.

## II.   LEGAL STANDARD

"In performing their constitutional duties, the federal courts have determined that claims of ineffective assistance of counsel cannot be fairly litigated unless the petitioner waives his [attorney-client] privilege for the purposes of resolving the dispute."  *Bittaker v. Woodford,* 331 F.3d 715, 722 (9th Cir. 2003).  However, while the waiver rule is "sensible and necessary" in practice, "if the federal courts were to require habeas petitioners to give up the privilege categorically and for all purposes, attorneys representing criminal defendants . . . would have to worry constantly about whether their case files and client conversations would someday fall into the hands of the prosecution."  *Id.* at 722.

Thus, the Ninth Circuit has held that "[a] waiver that limits the use of privileged communications to adjudicating the ineffective assistance of counsel claim fully serves federal interests."  *Id.*  "At the same time, a narrow waiver rule - one limited to the rationale undergirding it - will best preserve the state's vital interest in safeguarding the attorney-client privilege in criminal cases, thereby ensuring that the state's criminal lawyers continue to represent their clients zealously."  *Id.*  The court in *Bittaker* also determined that "the holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition."  *Id.* at 721.

## III. DISCUSSION

In the § 2255 motion, Mr. Gomez alleges that his defense counsel was ineffective in two manners – failure to challenge as time-barred a charge in the superseding indictment, and failure to investigate exculpatory evidence by failing to interview a witness. Doc. no. 119 at 11-12. The government asserts that without access to the requested attorney-client communications, particularly with regard to the allegation that counsel failed to interview a potential witness, the government would be unfairly disadvantaged and would not be able to fully respond. Doc. no. 126 at 5. Because Mr. Gomez's claims make assertions about his counsel's strategy and discussions that may or may not have taken place between attorney and client, the government argues that the information it needs to address these claims cannot be found in the public record. *Id.* at 5-6. Accordingly, the government seeks a limited waiver of privilege so it can inquire and obtain discovery from Mr. Gomez's counsel about whether there is any factual evidence supporting the claims Mr. Gomez makes, and whether they impacted or would have impacted defense counsel's recommendation that Mr. Gomez plead guilty. *Id.*

Consistent with *Bittaker*, 331 F.3d at 728, the government also requests that the court issue a protective order precluding the government from (1) using the privileged materials for any purpose other than litigating Mr. Gomez's § 2255 motion, and (2) disclosing the privileged materials to any other persons, excluding other representatives of the United States Attorney's Office and law enforcement agencies assisting in the government's response to the § 2255 motion. Doc. no. 126 at 6.

On December 17, 2015, under the procedure recommended in *Bittaker*, the court notified Mr. Gomez that he could file a notice that he wished to preserve his attorney-client privilege by (1) abandoning his ineffective assistance of counsel claims and (2) withdrawing his § 2255 motion to vacate, set aside or correct his sentence. Doc. no. 127 at 2. Mr. Gomez was instructed to file this notice by January 15, 2016. *Id.* Mr. Gomez did not file such a notice. Therefore, Mr. Gomez's attorney client privilege is deemed waived as to the matters raised in his § 2255 motion.

Pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings, the court finds good cause for the government to conduct discovery of privileged attorney-client communications subject to waiver of the attorney-client privilege as limited to the matters raised by his ineffective assistance of counsel claims. Any disclosure of confidential attorney-client communications will be subject to a protective order.

## IV.     CONCLUSION

For the reasons set forth above, the court GRANTS the government's motion for limited waiver of the attorney-client privilege, and ORDERS as follows:

1) that Mr. Gomez has waived the attorney-client privilege as to the allegations of ineffective assistance of counsel relating to attorney Ethan Balogh in Mr. Gomez's § 2255 motion;

2) that the government is granted leave to inquire of and obtain declarations from attorney Balogh in the representation of Mr. Gomez in the above-captioned case, on the following subject areas; and that attorney Balogh is ordered to provide the government with any correspondence, e-mails, notes, or other materials in their possession that relate to any of the following subject areas:

   a) What, if any, discussion occurred between Mr. Gomez and attorney Balogh regarding bringing a motion to dismiss all or part of the Superseding Indictment on the grounds that certain counts were time-barred;

   b) What, if any, discussion occurred between Mr. Gomez and attorney Balogh regarding the existence of a person named Lilian Christina Gomez, whether she was a witness to factual matters related to the charges against the defendant, what she might say about factual matters related to the case, whether counsel was ever told about or learned of this potential witness, whether she was located and/or interviewed by counsel, and whether such information would have, in

5

     any event, even if it was all just as the defendant characterized it, changed counsel's position as to any recommendation counsel made regarding plea negotiations and acceptance of the plea in this case by Mr. Gomez; and

  c) Whether attorney Balogh made any of the statements attributed to him in Mr. Gomez's § 2255 motion;

3) that the government is precluded from using the privileged attorney-client information and material for any purpose other than litigating the instant § 2255 motion; and

4) that the government may not disclose these attorney-client materials to any other persons, excluding other representatives of the United States Attorney's Office or law enforcement agents who are assisting with the § 2255 motion.

The court FURTHER ORDERS that the government may conduct discovery, as limited herein, and file its opposition to Mr. Gomez's § 2255 motion by May 31, 2016. Mr. Gomez may file a reply by June 30, 2016. Thereafter, the § 2255 motion will be taken under submission.

**IT IS SO ORDERED.**

Dated: April 1, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge