UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>ANTONIO GOMEZ,<br><br>          Defendant. | Case No.    13-cr-00282-PJH<br><br>**ORDER (1) DENYING MOTION FOR ORDER TO SHOW CAUSE AND REQUEST FOR APPOINTMENT OF COUNSEL AND FOR EVIDENTIARY HEARING; (2) GRANTING REQUEST FOR EXTENSION OF TIME TO FILE REPLY TO GOVERNMENT'S BRIEF IN OPPOSITION TO § 2255 MOTION; (3) REFERRING INQUIRY RE: "JOHNSON BENEFITS" TO FEDERAL PUBLIC DEFENDER'S OFFICE**<br><br>Re: Doc. nos. 131, 137, 138 |

Defendant Antonio Gomez has filed a motion for an order to show cause for the government's failure to file a response to his motion for an order under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence on the ground of ineffective assistance of counsel.  Doc. no. 131.  Defendant's motion for issuance of an order to show cause is DENIED in light of the government's timely filing of an opposition to defendant's § 2255 motion.  Doc. no. 135.  Further, defendant's request for appointment of counsel and request for an evidentiary hearing are DENIED.  Doc. no. 131.  The Sixth Amendment's right to counsel does not apply in habeas corpus actions.  *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B) provides that in habeas cases, whenever "the court determines that the interests of justice so require," representation may be provided for any financially eligible person.  Defendant has presented his ineffective assistance claims adequately, and they are not particularly complex.  The claims are not fully briefed, and it is premature for the court to determine

whether an evidentiary hearing is necessary at this time. The interests of justice do not require appointment of counsel.

Defendant requests an extension by at least 90 days of the June 30, 2016, deadline to file a reply to the government's response to his § 2255 motion for ineffective assistance of counsel. Doc. no. 138. Defendant states that he was placed in a special housing unit and will be sent to another FBOP facility, that online research on the law library computer is out of order, and that he has no access to his legal materials because they have been processed for transport to the new facility. For good cause shown, defendant's request for an extension of time is GRANTED. Defendant may file a reply brief by October 28, 2016.

Defendant has also requested information about "924c/Johnson benefits," which the court construes as an inquiry about the availability of relief pursuant to § 2255 under the holding of *Johnson v. United States,* 135 S. Ct. 2551 (2015). Doc. no. 137. The court cannot provide legal advice, and defendant remains responsible for timely raising any claims for relief pursuant to 28 U.S.C. § 2255(f). The court refers defendant's inquiry to the Federal Public Defender's office only for the limited purpose of considering defendant's request for information, and not for appointment of counsel.

**IT IS SO ORDERED.**

Dated: June 23, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge