UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTONIO GOMEZ,<br><br>    Defendant. | Case No. 13-cr-00282-PJH-1<br><br>**ORDER DENYING MOTION TO REVOKE DETENTION ORDER**<br><br>Re: Dkt. No. 166 |

    Before the court is defendant's motion to revoke detention order. See Dkt. 166. On February 7, 2022, defendant was ordered detained by Magistrate Judge Ryu, based on a finding that he would pose a danger to the community if released. See Dkt. 161.

    A person held in custody for allegedly violating conditions of supervised release may be released from detention upon demonstrating by clear and convincing evidence that he will not pose a danger to another person or the community. Fed. R. Crim. P. 32.1(a)(6). The district court reviews a magistrate judge's detention order de novo. United States v. Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990). Accordingly, the court must "review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference," and "the ultimate determination of the propriety of detention is also to be decided without deference to the magistrate's ultimate conclusion." Id. at 1193.

    There are three underlying charges pending on defendant's supervised release violation: (1) leaving the Northern District of California without permission, (2) associating with a convicted felon, and (3) associating with a criminal street gang member. See Dkt.

150.

Defendant first appeared before the magistrate judge on January 24, 2022 for a detention status hearing. See Dkt. 166, Ex. E at 3. At the hearing, defendant's counsel requested that defendant be released, arguing that the evidence showed that defendant attempted to contact his probation officer multiple times before leaving the district as alleged in charge (1), and thus posed no danger to the community. Id. at 4-6.

The magistrate judge then asked the probation officer, Lisa Hage, about the basis for recommending detention, and the probation officer stated that the danger was primarily based on phone calls between defendant and an alleged gang member and felon, as alleged in charges (2) and (3). Dkt. 166, Ex. E at 11. The probation officer further stated that the initial identification of defendant on the phone calls was made by an intelligence analyst for the Bureau of Prisons, Nicholas Barrientos. Id. at 17-18. In order to hear testimony from the intelligence analyst, and to allow defendant to put on evidence showing that he was not a danger to the community, the court scheduled a further detention hearing and preliminary revocation hearing. Id. at 33.

The further hearing was conducted on February 7, 2022. See Dkt. 161. At the hearing, defense counsel informed the magistrate judge that defendant had been attacked in custody and required surgery for his injuries. Dkt. 166, Ex. F at 4.

The magistrate judge then heard testimony from the BOP intelligence analyst, who testified that he was able to identify defendant's voice on the phone with a high-ranking member of the Nuestra Familia gang. Dkt. 166, Ex. F at 29-36, 43-44. The intelligence analyst further testified that, on the phone calls, defendant was discussing gang-related business. Id. at 37-43.

Defense counsel then called defendant's sister to provide testimony relevant to the issue of whether it was defendant's voice on the phone calls. Dkt. 166, Ex. F at 52-56. Defendant's sister also confirmed that defendant has a "Nuestra Familia" tattoo on his chest. Id. at 63-64.

Finally, the government then recalled defendant's probation officer to rebut some

of defendant's sister's testimony regarding the identification of defendant on the phone calls.  Dkt. 166, Ex. F at 65-68.

Having considered the evidence that was before the magistrate judge, the court concludes that defendant has not met the burden of demonstrating by clear and convincing evidence that he will not pose a danger to another person or the community. Specifically, the evidence included credible testimony that defendant was speaking to a high-ranking member of the Nuestra Familia gang on the phone, multiple times, about gang-related business. The evidence also showed that defendant has a "Nuestra Familia" tattoo on his chest.  That evidence prevents defendant from meeting the high burden of "clear and convincing evidence" that he will not pose a danger to the community.  The court further concludes that defendant's injuries do not change the analysis.

Accordingly, defendant's motion to revoke the detention order is DENIED.

**IT IS SO ORDERED.**

Dated:  February 25, 2022

      /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge